UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OTIS DAY PRIMES,<br><br>  Petitioner,<br><br>  v.<br><br>CUEVA,<br><br>  Respondent. | No. 2:24-cv-03018-DC-SCR (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING THIS ACTION<br><br>(Doc. No. 4) |

Petitioner Otis Day Primes is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On February 27, 2025, the court ordered Petitioner to either file a motion to proceed *in forma pauperis* or pay the required filing fee in order to proceed with this habeas action. (Doc. No. 3.) The court provided Petitioner with thirty days to comply with that order. (*Id.*) Petitioner has not paid the required filing fee to proceed with this action nor filed an application to proceed *in forma pauperis*, and the deadline in which to do so has passed.

Accordingly, on April 4, 2025, the assigned magistrate judge issued findings and recommendations recommending that this action be dismissed, without prejudice, due to Petitioner's failure to comply with the court's order and failure to prosecute this action. (Doc. No.

1

4.) The findings and recommendations were served upon Petitioner and contained notice that any objections thereto were to be filed within twenty-one (21) days after service. (*Id.* at 1.) To date, Petitioner has not filed any objections and the time in which to do so has passed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the pending findings and recommendations are supported by the record and proper analysis.

Having concluded that the pending petition must be dismissed, the court also declines to issue a certificate of appealability. A petitioner seeking writ of habeas corpus has no absolute right to appeal; he may appeal only in limited circumstances. *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). If a court denies a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Where, as here, the court denies habeas relief on procedural grounds without reaching the underlying constitutional claims, the court should issue a certificate of appealability "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In the present case, the court finds that reasonable jurists would not find the court's determination that the pending petition must be dismissed to be debatable or wrong. Thus, the court declines to issue a certificate of appealability.

Accordingly,

1. The findings and recommendations issued on April 15, 2025 (Doc. No. 4) are ADOPTED in full;

2. The petition for writ of habeas corpus (Doc. No. 1) is DISMISSED without prejudice;

/////

/////

/////

/////

3. The court declines to issue a certificate of appealability; and

4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: __**May 28, 2025**__

                                       Dena Coggins
                                       United States District Judge